UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERIN B. WRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-504-RLB** |
| **CHARLES PELLETIER** | |

<u>**AFFIDAVIT**</u>

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

BEFORE ME, a Notary Public, in and for the aforementioned parish and state, personally came and appeared:

**C. SCOTT COURREGE**

who, after being duly sworn did declare and state the following:

1. I began my law enforcement career in June 2000 and since that time have held positions with both state and federal law enforcement agencies;

2. I have held training certifications from the State of Mississippi, the Federal Law Enforcement Training Centers (FLETC), the Drug Enforcement Administration Basic Agent Training, and the State of Louisiana;

3. I am currently a deputy for the East Baton Rouge Sheriff's Office (hereinafter "EBRSO");

4. I am also a licensed attorney in the State of Louisiana;

5. I am the legal aspects instructor for the EBRSO training academy;

6. I regularly instruct police officers throughout the State of Louisiana on legal topics, including search and seizure;

7. Police officers are trained that they may only enter a private residence with a search warrant or pursuant to a valid warrant exception;

8. Police officers are trained that one of the accepted and recognized search warrant exceptions is hot pursuit;

9. Police officers are trained before making a hot pursuit entry into a home, the officer must evaluate the totality of the circumstances to determine if the entry is reasonable;

10. Some factors that may be considered include, but are not limited to: nature and severity of the offense, risk of physical harm to others or the officer, risk of destruction of evidence, likelihood of escape, etc.;

11. I have reviewed the body worn camera footage and the Incident Report (24-009224) concerning this matter;

12. I have evaluated the actions of Captain Edward Wheeler, Lieutenant Charles Pelletier, and Corporal Chase Delancey;

13. I have concluded that the act of following the plaintiff, Jerin Wright, into his home for the purpose of taking him into custody was consistent with generally accepted police practices and search and seizure training;

14. I am a constitutional use of force instructor for EBRSO;

15. I am also a certified Taser instructor for EBRSO;

16. I have concluded that Lieutenant Pelletier did not discharge his Taser during this event;

17. I have concluded that Corporal Delancey was the only deputy to discharge his Taser during this event; and

18. I have concluded that Corporal Delancey's actions of using a Taser to detain Jerin Wright was consistent with generally accepted police practices and use of force training.

_____
C. SCOTT COURREGE

SWORN TO AND SUBSCRIBED before me, the undersigned Notary Public, this 25th day of June, 2025, in East Baton Rouge Parish, State of Louisiana.

_____
NOTARY PUBLIC



OFFICIAL SEAL
KIRK A. GUIDRY, JR.
BAR ROLL # 40384
STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE
My Commission is for Life